

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2010

# USA v. Angel Pinet

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3061

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Angel Pinet" (2010). *2010 Decisions.* Paper 2066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/2066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-044                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 09-3061
_____

UNITED STATES OF AMERICA

v.

ANGEL MANUEL PINET,
also known as "Jose",

ANGEL M. PINET,
                                                    Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 97-cr-00169-002)
District Judge: William W. Caldwell

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 13, 2009

Before:  MCKEE, RENDELL and CHAGARES, Circuit Judges

(Filed on: January 13, 2010 )

_____

OPINION

_____

PER CURIAM

Angel M. Pinet appeals <u>pro se</u> from the District Court's June 24, 2009 order that adjusted his sentence pursuant to 18 U.S.C. § 3582(c)(2). Because we conclude that this appeal presents no substantial question, we will summarily affirm. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In August 1998, a federal jury convicted Angel M. Pinet of possession with intent to distribute cocaine and cocaine base, conspiracy to distribute, use of a telephone to commit a drug crime, and interstate travel to promote unlawful activity. He was sentenced to 360 months to life on the first two counts, and forty-eight and sixty month terms on counts three and four, to be served concurrently. Pinet filed a motion for a reduction of his sentence for an offense involving cocaine base pursuant to 18 U.S.C. § 3582(c)(2) in May 2008. On June 24, 2009, the District Court amended Pinet's offense level and reduced his sentence on counts one and two to 292 months. His original sentence for the remaining charges remains in effect. Pinet filed his notice of appeal on July 14, 2009.[1]

_____

[1] The majority of Courts of Appeals hold that motions for re-sentencing under § 3582 are criminal in nature. <u>See, e.g.</u>, <u>United States v. Byfield</u>, 522 F.3d 400, 402 (D.C. Cir. 2008); <u>United States v. Espinoza-Talamantes</u>, 319 F.3d 1245, 1245-46 (10th Cir. 2003); <u>United States v. Arrango</u>, 291 F.3d 170, 171-72 (2d Cir. 2002). As such, we will

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's interpretation of the Sentencing Guidelines is de novo. See United States v. Sanchez, 562 F.3d 275, 277-78 (3d Cir. 2009). We review a court's ultimate determination of a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 & n.2 (3d Cir. 2009).

III.

Pinet has not explained how the District Court's disposition of his § 3582 motion would constitute an abuse of discretion. The District court reduced Pinet's sentence to 292 months on counts one and two, after determining that the amended guideline range for those counts is 292-365 months. In his § 3582 motion, however, Pinet challenges the sentencing court's original calculation of his offense level, and bases his calculation of an amended guideline range upon what he sees as errors in that initial calculation. Pinet argues that the sentencing court violated his right to due process under Townsend v. Burke, 334 U.S. 726 (1948) by relying on unreliable and false information contained in the Pre-Sentence Report when it calculated his offense level. These arguments could not

---

treat Pinet's § 3582 motion as criminal in nature for the purposes of computing his time to appeal. Although the notice of appeal initially appeared to be untimely, see Fed. R. App. P. 4(b)(1), Pinet asserts that he did not receive the District Court's order until July 7, 2009. He includes the envelope in which the order was sent to him by the District Court, on which someone has written "Received 7-7-09" with a signature that is not Pinet's. Thus, Pinet's notice of appeal, dated July 8, 2009, should be considered filed within the time to appeal. See United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989).

3

be considered by the District Court because they are beyond the scope of § 3582(c)(2). See United States v. McBride, 283 F.3d 612, 614-15 (3d Cir. 2002). Such a challenge to the validity of a federal conviction or sentence must be brought in a 28 U.S.C. § 2255 motion. See Davis v. United States, 417 U.S. 333, 343 (1974).

IV.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.